Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5283 | **DATE** | 4/19/2000 |
| **CASE TITLE** | De Tendevous, Inc., et al vs. Village of Libertyville | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Village's Answer and Affirmative Defenses are stricken in their entirety, with leave to Village to file a self-contained Amended Answer and Affirmative Defenses in this Court's chambers on or before April 28, 2000.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 20 2000 | |
| | Notified counsel by telephone. | | date docketed | 13 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 4/19/2000 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DE TENDEVOUS, INC., et al., )
)
Plaintiffs, )
)
v. ) No. 99 C 5283
)
VILLAGE OF LIBERTYVILLE, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Village of Libertyville ("Village") has filed its Answer and Affirmative Defenses to the Complaint brought against it by corporate plaintiff De Tendevous, Inc. and its individual co-plaintiffs Robin O'Grady and David Jakes. Because this is the second responsive pleading that has arrived in this Court's chambers during the past two weeks that could serve as a poster child for improper pleading in federal court terms, this Court will plagiarize from its own work product in that other case in ordering the sua sponte striking of Village's responsive pleading.

There is no mystery about what Fed. R. Civ. P. ("Rule") 8(b) prescribes as the only pleading alternative, other than the admission or denial of a plaintiff's allegations ("averments" is the term employed in Rule 8(b)), that is available to a responding party. To gain the benefit of that third alternative

(a deemed denial), a pleader must travel the path that is marked out by the precise roadmap contained in the second sentence of Rule 8(b)--provided, of course, that the responding party can make that prescribed disclaimer in the objective good faith demanded by Rule 11.

Yet despite that clear directive, Parties ¶¶1 and 2 and Common Factual Allegations ¶¶3-6 and 15-16 assert "insufficient knowledge upon which to form a belief" without mentioning the more demanding requirement of a lack of "sufficient information." As the drafters of Rule 8(b) recognized, it is entirely possible for someone to have enough <u>information</u> to form a belief even though actual knowledge is lacking, and in that event the party cannot find refuge in the deemed denial conferred by Rule 8(b)'s second sentence.

Next, Village's Answer is chock full of nonresponses that say that one Village ordinance or another "speaks for itself" (Answer ¶¶17-26 and 29). This Court has been attempting to listen to such written materials for years (in the forlorn hope that one will indeed give voice)--but until some such writing does break its silence, this Court will continue to require pleaders to employ one of the three alternatives that <u>are</u> permitted by Rule 8(b) in response to all allegations about the

2

contents of ordinances or other writings.

Finally, Count II Answer ¶31 moves to strike the corresponding Complaint ¶31 allegations as "vague with respect to the date." That motion impermissibly seeks to convert the federal notice pleading regime into one that, like Illinois law, calls for fact pleading instead. Village's motion to strike is therefore denied.

Because what has been dealt with here implicates so many provisions of Village's Answer, any effort to correct the existing problems by an amendment would produce a patchwork pleading situation. Instead the Answer and Affirmative Defenses are stricken in their entirety, with leave to Village to file a self-contained Amended Answer and Affirmative Defenses in this Court's chambers on or before April 28, 2000.[1]

                                */s/ Milton I. Shadur*
                                Milton I. Shadur
                                Senior United States District Judge

Date: April 18, 2000

---

[1] No charge is to be made to Village for the added work and expense incurred in correcting its counsel's errors. Counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

3