# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5283 | **DATE** | 4/24/2000 |
| **CASE TITLE** | De Tendevous, Inc. vs. Village of Libertyville | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Supplement to Memorandum Opinion and Order. Village's counsel will not be sent back to the drawing board to present a fully self-contained Second Amended Answer. Instead Common Factual Allegations AA paragraphs 4, 6 and 16 are stricken, and the corresponding allegations of the Amended Complaint are deemed admitted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | APR 27 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 15 |
| | Mail AO 450 form. | | S.B. docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/24/2000 date mailed notice | |
| SN | courtroom deputy's initials | | SN mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DE TENDEVOUS, INC., et al., )
)
        Plaintiffs, )
)
v. ) No. 99 C 5283
)
VILLAGE OF LIBERTYVILLE, )
)
        Defendant. )

**DOCKETED**
**APR 27 2000**

SUPPLEMENT TO MEMORANDUM OPINION AND ORDER
------------------------------------------

At the previously-scheduled April 20, 2000 status hearing date in this action, with all counsel save one participating by telephonic conference, the lawyer who was in court representing Village of Libertyville ("Village") tendered a document captioned "Defendant's Amended Answer to Plaintiffs' Amended Complaint and Affirmative Defenses" ("AA") that he represented as complying with the directive contained in this Court's April 18, 2000 memorandum opinion and order ("Opinion"). But in what has become a near-immortal phrase taken from Cool Hand Luke, "What we have here is a failure to communicate." In fact the AA continues in part to reflect the same deficiencies that were identified in the Opinion, so that it cannot be accepted as tendered.

This time, however, Village's counsel will not be sent back to the drawing board to present a fully self-contained Second Amended Answer. Instead Common Factual Allegations AA ¶¶4, 6 and

16 are stricken,[1] and the corresponding allegations of the Amended Complaint are deemed admitted.

                               _____
                               Milton I. Shadur
                               Senior United States District Judge

Date:  April 24, 2000

---

[1] In addition to counsel's unexplained noncompliance with the Opinion's express directive (which mirrored the extraordinarily clear mandate of Fed. R. Civ. P. 8(b)), each of those offending paragraphs includes a meaningless demand for "strict proof"--whatever that may mean. No fault is ascribed to Village's counsel in that respect, however, because this Court had neglected to identify that flaw in the original Opinion.